here the next case United States v. Rosario. Good morning. Can you hear me? We can hear you. We've lost you on the screen now. Okay, I'm going to get back on. There you go. Okay. My name is Michael Joseph. I represent the appellant Ivan Rosario. And I thank the court for this opportunity. Our initial point that I wish to discuss is juror misconduct. And I start that decision with full recognition that courts are given wide discretion in determining what questions to ask or even whether to question. But that wide discretion is not without limits. The third department in United States v. Resco and this court in U.S. v. Haynes, which I did not cite in the briefing and will submit in a 28-J letter if the court wants the citation. But in those cases, the courts held that the trial court did not make a sufficient inquiry to ascertain the facts. And that is certainly the case here. The one issue that is not in dispute is that there juror misconduct in two forms. The trial court looked into the matter and concluded that there was no juror misconduct. The trial court did not determine facts that would allow it to rule that there was no error. And that's what Resco and Haynes both say. That there is, in addition to having discretion, the court has an obligation to make sure that Fifth Amendment and Sixth Amendment rights are protected. And in each of those cases, the court said, how could the judge make that determination without knowing the facts? If you take the case of the juror who's refusing to deliberate, what we know is that the juror is saying, I'll just sit here, read my book, and I'll go home when the court tells me. Clearly, if that was said by that perspective during voir dire, he would or she would be dismissed for cause. What we don't know is what was that juror's reason, the nature. And the reason can be critical because case law has required mistrial. Or if the reason was necessitated or caused by some other such factor, it would require a mistrial. The court here, prior to asking any questions, laid out a procedure saying, I'm going to bring out the foreperson and I'm going to ask her if there is a juror refusing to deliberate. And if the answer is yes, I'm going to have to follow up to ascertain the nature and extent and reasons for that. The question was asked of that juror and she said, yes, there is a juror refusing. But the court did not follow up with any questions that would detail or resolve what the issue was. Now, I recognize secrecy of jury deliberation, but there is case after case that says it's appropriate for the court to ask a question that does not invade it. The court could bring out that juror or all jurors and say, is there any reason why you cannot decide this case on the facts and on the law that I gave to you? The federal court decided that it did not want to intrude more into the jury deliberation process than it had to. It brought out the jury and gave them, in essence, an Allen charge, encouraging them to continue their deliberations. Why wasn't that sufficient? It's not sufficient because it does not reveal the nature, extent, and reason. But the comment you just alluded to was, I'll just sit here and read my book. And so what happens is the judge brings them out, assuming that's true, the judge brings them out and says, you have to deliberate in good faith, listen to your fellow jurors, et cetera. Why doesn't that adequately address the problem without trying too much into what's going on and what they're thinking? Number one, it sounds like a strong possibility that you might have 11 jurors in one abstention as to the one count of conviction. Number two, it's essential. It's essential to know the reason. The cases I cited to you, Honor, every case cited by either side had inquiry of the jurors. And that inquiry was limited and appropriate. You don't have to get into the secrecy of the jury by asking that particular juror if he or she can decide the case. If that juror says, no, I can't, then we know where we have to go. Here, we don't even know how many jurors were refusing to deliberate. The question by the court was, is there one or more jurors refusing or are there one or more jurors refusing to deliberate? Yet, how many are there? We don't know, nor do we know the reason. There's also here the fact that the court said, well, if there is one juror refusing to deliberate, I got to follow up with questions the court recognized that was right. And if a juror is refusing, I have to declare a misdrive. And the court did not follow any of those proceedings. Before my time runs out, I would like to talk quickly about the abuse of liberty. I contend that Nelson v. Colorado emphasized the import of the presumption of the innocent. And while that applies to property, there's no reason why it should not also apply to that the important fact is not how you define it, but what is the effect. It's clear and appalling that the element of weight is a part of the crime. Here, we do not know, uh, the jury couldn't reach a verdict as to what the weight was. And the court finds that by preponderance of the evidence. All right, you have, Mr. Joseph, you have, uh, we've lost you on the screen, by the way, but we can still hear you. You have two minutes for a rebuttal. We'll hear from the government. You're on mute. You're still on mute. Can you hear me, Your Honors? Yes, now we can. Apologies, Your Honor. May it please the Court, Joseph Viscarondo, for the government. I would also note that I was one of two trial counsel in the court in the case below. I'd just like to pick up quickly on Your Honor's questions about the juror investigation and the issues that arise here on appeal. As clear from the government's briefing, it's our view that Judge Bryant was incredibly effective at dealing with this juror issue. The government believes respectfully that, uh, that appellate's counsel is mistaken about certain of the facts here. The foreperson did indicate that there was some concern about a singular juror refusing to deliberate. And that was the question, or that was the issue raised about the quote concerning the particular juror deciding to read her book until the until the jury was dismissed. That issue did not raise any question of impermissible racial animus or affinity that would have obligated the court to inquire further in order to ensure the due process rights of the defendant. And I think that's an important distinction here. There's simply no affirmative evidence. There's no non-frivolous suggestion in record from the foreperson's view of the incident that would suggest that and that would obligate the court to engage in a pointed inquiry. And I think the cases concerning the dismissal of jurors on that basis are all clear that some type of non-frivolous evidence of racial or impermissible bias is necessary here. I also point the court to the court's decision in her Rule 33 determination denying a retrial in which the court was very clear that there was no suggestion. May I ask you about, I'm a little surprised that Mr. Joseph didn't get into this, but I'll ask you about the underlying sentencing proceedings. And in particular, I have two questions. One relates to whether or not we have as a circuit, I've not been able to find it, but maybe you have, whether we have as a circuit determined that the 30 level cap that's contained in 2X3.1 is a cap that's not subject to further enhancements, right? So that's one issue. And then the second issue, and maybe this is a little unfair that it's two separate issues, but the second issue relates to the findings that Judge Bryant made in connection with the perjury enhancement. And as I understand it, in Dunnigan and some other cases, not only from the Supreme Court, but also from our court, we've required more specific findings before determining or before affirming an enhancement based on perjured testimony. And here she refers to, she makes some general references, but it's not the sort of specific findings necessarily that we have deemed sufficient. Can you address both of those issues with apologies? Your Honor, let me pick up with the latter concern first on the issue of perjury. The Supreme, excuse me, the circuit's description of the requirements of a district court I believe are set out in the Thompson case here. And in Thompson, the court, this circuit did indicate its preference that a district court identify with specificity the defendant's willfulness, his, the materiality of the misstatement, and the absence of mistake to ensure a proper perjury finding. It did go on, however, in Thompson to state that while that is a preference, it is not a bright line rule. What we said was it is sufficient if the court makes a finding of an obstruction of or impediment to justice that encompasses all of the factual predicates for a finding of perjury. Yes, Your Honor. And I focused on the factual, all of the factual predicates. Where is that in her finding? Well, Your Honor, I think there, there's, there's some, I think the, the findings are in the context of the perjury, of the perjured testimony. Obviously concerned the destruction of telephones here. And the court's determination was that Mr. Rosario's intent, there was, let me start by saying that with respect to the destruction of the telephones, there was no, there's no dispute that Mr. Rosario asked for the destruction of telephones and that he provided inducements for that destruction. The question is, what was his intent? He sat before the jury in a sworn context and stated he had no intention of destroying evidence related to this criminal trial. And he posited an alternative view. The government's view of this, and I believe Judge Bryant accepted, there's no daylight there concerning what his, the materiality. What you rely on is the following statement from Judge Bryant. There is no doubt whatsoever that Mr. Rosario elicited the aid of his mother and the mother of his child to destroy evidence, to evade prosecution and conviction for the charge of conspiracy to distribute and the possession with intent to distribute more than a kilo of heroin. And that was what was cited at least by you in connection with the finding. And I just don't, not sure that I see how this, and there may be other arguments, but I'm not sure that I see how that statement encompasses all of the factual predicates for perjury. And she doesn't even mention the testimony itself. That's true, Your Honor. I do want to point out the fact that there was some underlying submissions on that in, I believe, the Rule 29 and the Rule 33. It was in the context of the Rule 29, Your Honor, in which the defense position was the evidence concerning obstruction was insufficient because Mr. Rosario's testimony should have been credited. In that context, Her Honor, in her decision, made clear her finding of what Mr. Rosario's intent was. And it's also, I think, at least inferable from her statement here. Again, the crux of the matter is not the materiality of the statement. I think it's clearly material. It's certainly, the Court found it to be untrue. And what I wanted, I think the issue before the Court is whether that intent, excuse me, whether there's a claim that, like in Thompson, there was a misstatement under oath or a failure of memory that would take this out of the realm of perjury. Because we know what was said. We know the import of it. As I understand it, the reason that we've got in Thompson and the reason that the Supreme Court announced in Dunnegan this relatively rigid, not absolutely rigid requirement, that the District Court go through a careful analysis before determining that a defendant is eligible for an enhanced sentence based on perjury testimony is because there's a valuable fundamental to testify in your own defense, that issue that we don't want to tamper with. And now what you're, I think, telling me, so that's why we insist on something more than a very general reference to perjury testimony, right? What I think you're telling me is that we can rely on what the judge said in connection with the Rule 29 motion in resolving that motion in addition to what she said, I take it at sentencing, to determine that she in fact made all of the necessary factual findings. Is that right? That is the government's position as well as a lack of objection under Thompson concerning that third element, that is the statement of faulty memory. That's not an issue here, it was in Thompson. And then there was a 2X3.1 question that I unfairly lobbed in. I'm sorry, could you restate the 2X3.1 question? The 2X3.1 question is whether we have in this circuit determined or said anything about the 30 level cap, that is whether enhancements can be applied to that 30 level cap or whether 2X3.1's reference to the 30 level limit is the limit. I'm not aware of enhancements on top of a obstruction guideline. The short answer is that this circuit has not addressed the application of 2X3.1 concerning specific offense characteristics that would enhance the underlying offense. That said, it's clear from 2X3.1 in the commentary application in how we evaluate an underlying offense that it is to include the specific offense characteristics that were known or reasonably should have been known by the defendant. And then there's a cross-reference to Application Note 9 of 1B1.3, which also discusses relevant conduct to be evaluated in reaching an offense level. So I think it's clear from the application notes precisely that the underlying offense level can be enhanced. And then your Honor is asking once you get the cap, whether that could be additionally enhanced. This circuit has not addressed those three issues. There were cases from the 5th and 6th Circuit, I believe it was a case called Rubion, in which enhancements for perjury and additional enhancements were imposed on top of the 30 level cap in that case. Is there a circuit that goes the other way? I don't think so, but I don't know. Not to my knowledge, Your Honor. I've not seen any contrary authority that would suggest that 30 cannot be enhanced further. And I think that view would be contrary to the way that the guidelines are properly applied in every other instance in finding an offense level. And I'm not suggesting that you're wrong as a matter of reading the text. I'm just interested in whether we've got any precedent in this area. Okay. Thank you, Your Honor. Thank you. We'll hear the rebuttal. Our position, I think the law supports it, is that the cap of 30 is clearly stated and is applicable. And from that cap, there's a 6th level downward departure according to 2X3.1. There is no basis to enhance that above the 30. Further, 3C1.1, application note 7, says the two levels for perjury and the two which the court called confederation with another person, the mother and Lexi, are not applicable when the conviction is for obstruction. In effect, to apply those enhancements is a double counting. But the guideline refers to the base offense level is capped at 30. Correct. And then the application note suggests that it can be increased by specific offense characteristics. Well, except note 7 identifies two situations where it can't be. And they specifically say obstruction of justice and perjury. And that makes sense because obstruction of justice is the crime of conviction. So it cannot be used again to enhance it. And that's not just my reasoning. That's the language of 3C1.1. We believe that the sentencing should not be at a level 34. It should be at a level 24 with the 6th level reduction or at the very worst for my client at a level 30. And I would agree that the judge did not set out sufficient detail to establish perjury. But the important point is even if she did, perjury is listed under obstruction. Note 7 says if the offense is 2J1.2, which is obstruction, or 2J1.3, which is perjury, then it is inapplicable. And for that reason, we contend that it is inapplicable and there can be no enhancement. And the sentence should be imposed at the 30 reduced by the 6th level. And part of that reasoning is where that sits in the sentencing guidelines. And I believe that it supports the argument clearly that it cannot be above 30 but that it can be and should be reduced by 6th level. And your court need not get to the issue of whether the district court filled out all the elements of perjury because application note 7 specifically says perjury is inapplicable as an offense. And it would be certainly unfair to double count it. And that's why, in my opinion, it was excluded from possible enhancements. Thank you both. The court will reserve a decision.